UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSHUA SCOTT, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CV420-290 <br>    CR417-050-2 |

## ORDER AND REPORT AND RECOMMENDATION

Joshua Scott moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. CR417-050, doc. 305.[1] The Court directed the Government to respond to the Motion. Doc. 308. After briefing, docs. 312 & 315, Scott filed three motions to amend his § 2255 Motion, docs. 319, 320 & 329. The Government has responded, conceding that Scott is entitled to relief on one of the proposed amended grounds. *See generally* doc. 345. As explained more fully below, therefore, Scott's Motion to amend to add the meritorious ground is **GRANTED**. Doc. 329. His § 2255 Motion, as amended, should be **GRANTED**. Doc. 305. Movant

---

[1] The Court cites to the criminal docket in CR417-050 unless otherwise noted.

should be appointed counsel for the purposes of re-sentencing,[2] and civil action CV420-290 should be **CLOSED**.

On January 18, 2019, judgment was entered on Scott's conviction of one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"), one count of interference with interstate commerce by attempted robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 ("attempted Hobbs Act robbery"), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* doc. 251 at 1. He was acquitted on two other counts. *Id.* He was sentenced to a one-hundred-eighty-month term of imprisonment, comprised of a ninety-six-month term on the Hobbs Act robbery and attempted Hobbs Act robbery counts, to be served concurrently, and a consecutive eighty-four-month term on the brandishing a firearm count, to be served consecutively. *See id.* at 2. He was also sentenced to a five-year term of supervised release. *Id.* at 3. His conviction and sentence were affirmed on appeal. *See*

---

[2] Scott's Motion to Appoint Counsel, for purposes of resentencing, is **DISMISSED** as moot. Doc. 341.

*generally United States v. Scott*, 798 F. App'x 391 (11th Cir. 2019); *see also* doc. 293.

Scott's original § 2255 Motion asserted, as its sole ground, that his counsel provided ineffective assistance. *See* doc. 305 at 4. The Court addressed several evidentiary motions related to the asserted ground. Doc. 318. Scott then filed two motions seeking to amend his Motion to add a claim that "the conviction for the 924(c) is vague [sic] and should be vacated." Doc. 319 at 2; *see also* doc. 320. The Government responded in opposition, doc. 321, and Scott replied, doc. 322. Scott subsequently filed another Motion to Amend, seeking to add a claim "of actual innocence based on the Supreme Court's holding in *United States v. Taylor* . . . ." Doc. 329 at 1. The Government indicated that it did not oppose that Motion. Doc. 331.

The Government's most-recent response succinctly concedes "Scott's conviction on Count 6 [, *i.e.*, the brandishing count] is invalid." Doc. 345 at 2. It explains that the Supreme Court held, in *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is not a crime of violence, under the relevant statutory definition. Doc. 345 at 2-3 (citing 142 S. Ct. at 2022). Scott's conviction on the

3

firearm count was predicated upon his attempted Hobbs Act Robbery. *Id.* at 3. "Because Scott was convicted of violating section 924(c) during an underlying crime that does not qualify as a 'crime of violence,' his conviction on Count 6 is invalid." *Id.*

The Government notes that Scott's claim may be procedurally defaulted, but it expressly waives any procedural-bar defense. *Id.* at 3 (citing *Bryant v. FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013)). Finally, Scott asserts, and the Government does not dispute, that his Motion is timely, apparently pursuant to 28 U.S.C. § 2255(f)(3). *See* doc. 329 at 1; *see generally* doc. 345. The Eleventh Circuit has recognized that "[t]he statute of limitations is an affirmative defense that the government waives if it fails to raise it in its response . . . ." *Rogers v. United States*, 569 F. App'x 819, 820-21 (11th Cir. 2014).[3]  Thus, the

---

[3] The Court may, in some circumstances, raise a statute-of-limitations issue *sua sponte*. *Rogers*, 569 F. App'x at 821. The Court should decline to consider the issue *sua sponte* and find that the Government has made "an intelligent waiver of the statute of limitations defense." *Id.* Courts have also recognized that, when the Government waives such defenses, the Court need not consider the substantive prerequisites to invoke § 2255(f)(3). *See, e.g., Brascomb v. United States*, 2015 WL 7300512, at *2 (M.D. Ala. Nov. 18, 2015) ("[A] . . . waiver of the limitations defense under § 2255(f)(3) removes, not only the issue of timeliness from the court's consideration, but also the issue of whether [the] Supreme Court's decision applies retroactively."); *see also Pedro v. United States*, 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (acknowledging possibility that *Taylor* applies retroactively). If the

4

Government's response waives any procedural-default or statute-of-limitations defense to Scott's Motion.

Accordingly, Scott's Motion to Amend his § 2255 Motion is **GRANTED**. Doc. 329. Scott's § 2255 Motion, as amended, should be **GRANTED**. Doc. 305. Since the Court recommends that Scott is entitled to relief, under *Taylor*, it declines to address his remaining claims. *See, e.g., Padgett v. United States*, 2021 WL 4859396, at *6 (S.D. Ga. Aug. 12, 2021). If the Court adopts this recommendation, Movant should be appointed counsel for the purpose of re-sentencing and civil action CV420-290 should be **CLOSED**. The remaining motions should be **DISMISSED** as moot. Docs. 319, 320 & 324. This R&R is submitted to

---

Court has misconstrued the Government's intent, the fourteen-day objection period provides it an opportunity to clarify.

Scott asserts that *Taylor* renders him "actually innocent" of the brandishing count to "overcome[ ] any timeliness related concern." *See* doc. 329 at 1. "Actual innocence" may be invoked to excuse untimeliness. *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). However, in this context, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). At least one court in this Circuit has acknowledged a *Taylor*-based claim as sufficient to assert "actual innocence." *Hartsfield v. United States*, ___ F. Supp. 3d ___, 2022 WL 4295979, at *7 (S.D. Fla. Sept. 19, 2022). Assuming the Court has correctly construed the Government's intent to waive any statue-of-limitations defense, Scott's assertion of "actual innocence" is moot.

5

the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA